IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**THEADORE T. SUSSAN,**

        Plaintiff,

        v.

**POLK COUNTY, OREGON**, and
**TIMOTHY W. HILKER**,

        Defendants.

No. 3:13-cv-01599-MO

OPINION AND ORDER

**MOSMAN, J.**,

This civil rights lawsuit arises from injuries sustained by Plaintiff Theadore Sussan ("Mr. Sussan") while performing community service in August of 2012. Following a drug conviction in Polk County (the "County"), Mr. Sussan was sentenced to serve 120 hours of community service. While performing his community service under the supervision of Defendant Timothy Hilker ("Mr. Hilker"), Mr. Sussan's eye was seriously injured. His injuries required extensive medical treatment.

Mr. Sussan brings claims against the County and Mr. Hilker (collectively, "Defendants"): under two causes of action: (1) 42 U.S.C. § 1983, for violations of his rights secured by the

1 – OPINION AND ORDER

Fourteenth, Eighth, and Fourth Amendments; and (2) common-law negligence. (Compl. [1] at 6–8.) Mr. Sussan seeks compensatory damages and attorney fees under 42 U.S.C. § 1988. *Id.* at 10–11.

Now before me is Defendants' Motion to Dismiss [7], seeking: (1) dismissal of the § 1983 cause of action under Fed. R. Civ. P. 12(b)(6) for failure to state a claim; and (2) dismissal of the negligence cause of action, which is in this Court under 28 U.S.C. § 1367. Mr. Sussan filed a response [9] to the motion to dismiss, and Defendants filed a reply [10].

I find that the complaint lacks sufficient factual allegations to state a plausible claim that the Defendants violated Mr. Sussan's constitutional rights. Further, I find that dismissal of the § 1983 cause of action calls for dismissal of the negligence cause of action. Therefore, Defendants' Motion to Dismiss [7] is GRANTED, and both claims for relief are dismissed without prejudice.

## FACTUAL BACKGROUND

While Mr. Sussan was serving his community service on a trail crew in a park owned by the County, his eye was severely injured after he tried to break a live tree branch without proper equipment. (Compl. [1] at 5.) Mr. Sussan alleges that Mr. Hilker, who was supervising the community service crew, left protective goggles and gloves, as well as a chain saw, "back at the office." *Id.* Mr. Hilker instructed Mr. Sussan to break the tree branch, and despite the lack of safety equipment, Mr. Sussan complied, "[f]earing the consequences that not obeying could have on his probationary status." *Id.* When Mr. Sussan attempted to break the branch, the branch struck him in the eye. *Id.* He was then taken to the hospital, where he underwent multiple surgeries to correct a long list of eye injuries. *Id.* at 5, 9–10. Subsequently, Mr. Sussan submitted a workers' compensation claim with the County, but was denied coverage. *Id.* at 5.

# DISCUSSION

## I. The 42 U.S.C. § 1983 Claim

Mr. Sussan bases his § 1983 claim on Defendants' alleged violation of his Fourteenth, Eighth, and Fourth Amendment rights. This claim appears to depend on two somewhat independent groups of facts: the injury to Mr. Sussan's eye while performing community service work under the supervision of Mr. Hilker, and the County's denial of Mr. Sussan's workers' compensation claim following the injury.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2006)). This Court "must accept as true all of the allegations contained in a complaint." *Id.* However, to satisfactorily state a plausible claim to relief, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555). I will address each alleged constitutional violation in turn.

### A. *Fourteenth Amendment*

Mr. Sussan bases his Fourteenth Amendment claim on the circumstances leading to his eye injury, as well as the subsequent denial of workers' compensation. (Compl. [1] at 6–8.) It is not clear from the Complaint, but I assume that Mr. Sussan means to contend that each of these events independently violated his Fourteenth Amendment rights.

#### 1. The Eye Injury

Mr. Sussan alleges that Defendants violated his Fourteenth Amendment rights by failing to protect him from injury, both by failing to provide proper safety gear and ensuring safe

working practices, and by instructing Mr. Sussan to perform a dangerous activity without proper equipment.

Defendants argue that these allegations, taken as true, "do not implicate any constitutional concern." (Defs.' Mem. Supp. [8] at 2.) Defendants contend that neither the County nor Mr. Hilker actively "created" an unsafe working condition—clearing brush in a park will always carry an attendant risk of injury. *Id.* at 2–3. Defendants cannot be liable for Mr. Sussan's injuries, because the Fourteenth Amendment only limits "the State's power to act, [but is not] a guarantee of certain minimal levels of safety and security." *Id.* at 4 (quoting *DeShaney v. Winnebago Cnty. Dep't of Social Serv.*, 489 U.S. 189, 195 (1989)). Thus, any failure to provide minimal levels of safety does not rise to a constitutional violation. (Defs.' Mem. Supp. [8] at 4.)

Mr. Sussan concedes that, as a general proposition, the government does not have a duty to guarantee safety or security. (Pl.'s Resp. [9] at 5.) However, the "state-created danger" theory is an exception to this general proposition. In the Ninth Circuit, the state-created danger exception applies when (1) "there is affirmative conduct on the part of the state in placing the plaintiff in danger"; and (2) "where the state acts with deliberate indifference to a known or obvious danger." *Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011) (internal citations omitted). The court has cautioned that "the danger-creation exception to *DeShaney* does not create a broad rule that makes state officials liable under the Fourteenth Amendment whenever they increase the risk of some harm to members of the public." *Huffman v. Cnty. of Los Angeles*, 147 F.3d 1054, 1061 (9th Cir. 1998). Mr. Sussan cites a Third Circuit case that outlines a number of factors necessary to establish a state-created danger: if "(1) the harm ultimately caused to the plaintiff was foreseeable and fairly direct; (2) the state-actor acted in willful disregard for the

plaintiff's safety; (3) there was some relationship between the state and the plaintiff; and (4) the state-actor used his authority to create an opportunity for danger that otherwise would not have existed," then the general rule of *DeShaney* is inapplicable. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Mr. Sussan argues that the factual allegations contained in the Complaint satisfy each of these factors, and the *DeShaney* presumption does not apply. (Pl.'s Resp. [9] at 5–6.) *Phillips* is persuasive, but not controlling, and a plaintiff in the Ninth Circuit must show both affirmative conduct and deliberate indifference. *See Patel*, 648 F.3d at 974.

      Defendants argue that each of *Patel*'s requirements is lacking. First, neither the County nor Mr. Hilker took any affirmative action to place the Mr. Sussan in danger, and second, neither Defendant acted with deliberate indifference to a known or obvious danger. (Defs.' Reply [10] at 3–5). Based on the allegations in the complaint, I disagree with Defendants' argument about affirmative action on the part of the government, but agree with their deliberate indifference argument. Regarding the requisite "affirmative conduct," the complaint states that Mr. Hilker left protective gear and proper cutting equipment at the office, yet told Mr. Sussan to break the tree using only his hands. (Compl. [1] at 5.) Defendants argue that any unsafe working conditions (and attendant injuries) are a natural consequence of clearing brush in a park (Defs.' Mem. Supp. [8] at 2–3)—but this misses the point. To draw an analogy, a scuba diver swimming with sharks increases her risk if she dives without a cage. The fact that the sharks are already dangerous does not make the lack of precaution irrelevant, or the potential harm equally likely. Here, if Mr. Sussan was provided protective gear and proper cutting equipment, or had not been told to break a tree with his hands, it is less likely that he would have been injured. Therefore, Mr. Hilker took "affirmative conduct" that put Mr. Sussan in danger.

However, the complaint lacks sufficient facts to plausibly demonstrate that Defendants were "deliberate[ly] indifferen[t] to a known or obvious danger." *Patel*, 648 F.3d at 974. Deliberate indifference is a high bar, "requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'r of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). Assuming that Mr. Hilker's affirmative conduct increased the risk of harm, no factual allegations demonstrate that either Mr. Hilker or the County had actual knowledge of the risks to Mr. Sussan and nevertheless chose to willfully ignore those risks. *See L.W. v. Grubbs*, 92 F.3d 894, 900 (9th Cir. 1996). In his response, Mr. Sussan attempts to demonstrate that Mr. Hilker was indeed aware of the danger, yet chose to ignore it. Mr. Sussan says that he asked about protective gear before the crew began clearing brush, but was ordered to break the tree despite the lack of proper equipment. (Pl.'s Resp. [9] at 2.) However, no such allegation is contained in the complaint; consequently, such facts cannot be taken as true for purposes of a Rule 12(b)(6) motion to dismiss. *See Iqbal*, 556 U.S. at 678.

I find that the complaint, taken as true, fails to state a claim that the injury to Mr. Sussan's eye rises to a Fourteenth Amendment violation. To the extent that the § 1983 claim is based on a Fourteenth Amendment violation resulting from the eye injury, that claim is dismissed without prejudice.

### 2. The Denial of Workers' Compensation

Following his injury, Mr. Sussan submitted a workers' compensation claim with the County's insurance carrier. His claim was denied. (Compl. [1] at 5.) Under Or. Rev. Stat. § 656.041, cities and counties may choose to provide workers' compensation coverage to

inmates,[1] but coverage is discretionary. The County told Mr. Sussan that his claim was denied because "Polk County did not elect to provide workers' compensation coverage for community service personnel at the time of your injury." *Id.* Mr. Sussan appealed the denial of coverage, but an Administrative Law Judge affirmed the County's denial. *Id.* at 6.

These allegations fail to plausibly state a claim that Mr. Sussan's substantive or procedural due process rights were violated. Mr. Sussan contends that the denial of workers' compensation violates his "right to receive payment for proper and necessary medical conditions [*sic*]" and his "right to life and property." (Compl. [1] at 7.) At the time of his sentencing in July, 2012, the County declined to provide Mr. Sussan with workers' compensation. This decision was within the County's discretion, and a subsequent denial of Mr. Sussan's workers' compensation claim does not represent a due process violation. In any event, Mr. Sussan did not respond to Defendants' arguments regarding the denial of workers' compensation. (*Compare* Compl. [1] at 5–7 *with* Pl.'s Resp. [9].) To the extent that the alleged Fourteenth Amendment violation is based on the denial of workers' compensation coverage, that claim is considered impliedly conceded and dismissed with prejudice.

### B. *Eighth Amendment*

Mr. Sussan contends that he was subjected to cruel and unusual punishment in violation of his rights secured by the Eighth Amendment. (Compl. [1] at 6, 8.) As an initial matter, the parties argue about the legal significance of the community service sentence, and the fact that Mr. Sussan was not physically incarcerated. Defendants point to two cases where county defendants prevailed on summary judgment in lawsuits brought by plaintiffs serving community service sentences. (Defs.' Reply [10] at 3–5 (citing *Marvel v. Cnty. of Delaware*, 397 Fed. App'x

---

[1] "Inmates" includes those performing community service under Or. Rev. Stat. § 137.128, regardless of whether they are incarcerated. *See* Or. Rev. Stat. § 656.041(1)(b).

785 (3d Cir. 2010); *Malar v. Delaware Cnty.*, No. 08-960, 2009 WL 3493775, at *11 (E.D. Penn. Oct. 23, 2009).) In neither case, however, was summary judgment granted *because* the plaintiff was not an incarcerated inmate at the time of their injuries. Instead, the county defendants were either immune from liability under *Monell v. Dep't of Soc. Serv. of City of New York*, 436 U.S. 658 (1978), or there was no genuine issue of fact that could demonstrate a constitutional violation on the part of the individually-named defendants. *See Marvel*, 397 Fed. App'x at 789–90; *Malar*, 2009 WL 349775 at *5–12. Mr. Sussan's status as a non-incarcerated community service worker is not legally significant under the authority cited by the County. For purposes of this motion, I conclude that the proper legal standard should be drawn from Eighth Amendment case law relating to prisoners generally.

Prisoners challenging the conditions of their confinement as cruel and unusual punishment must demonstrate deliberate indifference on the part of prison officials. *See Wilson v. Seiter*, 501 U.S. 294, 302–04 (1991). This standard is slightly different from the deliberate indifference inquiry in a Fourteenth Amendment claim. Here, "a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

As with the earlier deliberate indifference inquiry, the complaint lacks sufficient factual allegations to make an Eighth Amendment claim plausible. Mr. Sussan alleges that Mr. Hilker left the protective gear and cutting equipment at the office, and that Mr. Sussan feared the consequences of not obeying Mr. Hilker's order to break the tree. (Compl. [1] at 5.) These facts

do not show that Mr. Hilker could draw an inference that Mr. Sussan was exposed to a substantial risk of harm when he tried to break the tree without proper safety equipment, or that Mr. Hilker consciously disregarded that risk. The complaint, taken as true, fails to state a plausible claim that Defendants violated Mr. Sussan's Eighth Amendment rights. To the extent that the § 1983 claim is based on a violation of the Eighth Amendment, the claim is dismissed without prejudice.

### C.    *Fourth Amendment*

Finally, Mr. Sussan alleges that his Fourth Amendment rights were infringed. (Compl. [1] at 6.) None of the factual allegations contained in the complaint plausibly state a claim that Mr. Sussan was subjected to an unreasonable search or seizure. To the extent that the § 1983 claim is based on a violation of the Fourth Amendment, the claim is dismissed with prejudice.

## II.    **Negligence**

Mr. Sussan also brings a common-law negligence claim (Compl. [1] at 8.), over which this Court has supplemental jurisdiction. *See* 28 U.S.C. § 1367(a). However, a court may decline to exercise supplemental jurisdiction over remaining state-law claims following dismissal of all other federal claims. *Id.* § 1367(c)(3). The decision to dismiss supplemental state-law claims following the dismissal of federal claims is discretionary. *See Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008). Usually, when all federal-question claims are dismissed before trial, "the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 & n.7 (1988). Here, the foregoing factors call for dismissal, without prejudice, of the supplemental state-law negligence claim.

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss [7] is GRANTED. To the extent that Mr. Sussan's § 1983 claim is based on violations of the Eighth and Fourteenth Amendments relating to the eye injury, that claim is dismissed without prejudice. To the extent that the § 1983 claim is based on violations of the Fourth Amendment, or on the denial of workers' compensation, that claim is dismissed with prejudice. The common-law negligence claim is dismissed without prejudice.

IT IS SO ORDERED.

DATED this  18th  day of February, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge